**Struna v. Penn Central Company**

*James J. Flaherty,* for Estate of William Struna, plaintiff in first case.

*James E. Coyne,* for Raymond J. Struna, additional defendant in first case and plaintiff in second case.

*William Walker,* for Penn Central Company, original defendant in both cases.

*Robert S. Daniels,* for Thunderbird Boatel, additional defendant in both cases.


ALPERN, J., October 12, 1971.—This matter before the court en banc arises out of motions for a new trial filed by defendant, Penn Central Company, and additional defendant, Raymond J. Struna, and by Raymond Struna as plaintiff. Defendant, Penn Central Company, also filed a motion for judgment n.o.v.

On November 23, 1968, a train operated by defendant, Penn Central, collided with a car operated by Raymond J. Struna, a minor. William Struna, Raymond Struna's brother, was a passenger in the automobile and was killed in the collision. The driver of the car, Raymond Struna, was injured.

In the wrongful death and survival actions filed by the administratrix of the estate of William Struna against Penn Central, the railroad joined as additional defendants Raymond J. Struna, the driver, and the Thunderbird Boatel, a night club where the boys had been immediately before the accident. In the action in which Raymond Struna was a plaintiff, defendant

Penn Central, joined the Thunderbird Boatel as an additional defendant.

The cases were consolidated for trial and tried before Alpern, J., and a jury. The jury returned sealed verdicts.

The jury found a verdict of $2,117 in favor of plaintiff in the wrongful death action, and a verdict of $58,000 in favor of plaintiff in the survival action. The jury found the Penn Central guilty of negligence and the Thunderbird Boatel not guilty. With respect to Raymond Struna, who was an additional defendant in that case, the jury found Raymond Struna guilty of "contributory negligence." There was no disposition with respect to Raymond Struna as a defendant in this proceeding. This verdict read:

"And now, to wit: February 3, 1971, we, the Jurors empanelled in the above entitled case, find the Penn Central Co. guilty of negligence, and Raymond Struna, guilty of contributory negligence, and the Thunderbird Boatel not guilty; and award to Blanche Struna, on behalf of the next of kin of Wm. Struna, deceased, the sum of $2,117.00; and also award to Blanche Struna, on behalf of the estate of Wm. Struna, deceased, the sum of $58,000.00."

In the second case of Raymond Struna against Penn Central and Thunderbird Boatel, additional defendant, the jury found:

"And now, to wit: February 3, 1971, we, the Jurors empanelled in the above entitled case, find the Penn Central Co. and the Thunderbird Boatel not guilty."

Counsel for Penn Central then moved for a mistrial, arguing that the jury had returned inconsistent verdicts.

When the sealed verdicts were opened, the court tried unsuccessfully to remold the verdict in the

wrongful death and survival action to reflect the jury's intention with respect to Raymond Struna. The court inquired of the jury as follows:

"The three defendants are the Penn Central, Raymond Struna and Thunderbird Boatel, additional defendants. There are three defendants. There is no doubt that you found a verdict against Penn Central in behalf—under the wrongful death act, and in the survival action involving Blanche Struna. There is no doubt that you found no verdict against the Thunderbird Boatel in the same action. What was your action with respect to the additional defendant Raymond Struna, who is also named as a defendant as well as a plaintiff in the other action?"

The jury's response to the court's question indicated that jurors no. 3 and no. 5 intended to return a verdict against both Penn Central Company and Raymond Struna. Juror no. 1 never thought about the question of whether Raymond Struna was a defendant. Jurors no. 6 and no. 11 stated they intended to find a verdict against Penn Central but not against Raymond Struna. Other jurors included Raymond Struna as a defendant. The jurors' responses in the colloquy with the court were as follows:

"THE COURT: Did you want him—the question the Court is asking you is he is a defendant in this action against whom you found the verdict, or is the verdict just against Penn Central?

"JUROR No. 6: Penn Central.

"JUROR No. 11: Penn Central.

"JUROR No. 10: Penn Central.

"THE COURT: Is that what you are all saying, it was just against Penn Central?

"JUROR No. 6: Yes.

"THE COURT: *Did any of you find a verdict against Raymond Struna for this liability?*

"JUROR No. 5: Yes. I think we have a misunderstanding here.

"JUROR No. 1: *We never thought about that.*

"JUROR No. 5: Right there, yes.

"THE COURT: You were finding him contributory negligence on account of taking a drink?

"JUROR No. 5: Yes.

"THE COURT: You never thought of the question of whether he was a defendant?

"JUROR No. 1: We never mentioned that.

"JUROR No. 5: I was under the impression he was a defendant.

"THE COURT: You knew that he was named as a defendant?

"JUROR No. 5: Yes.

"THE COURT: *Were you intending to find him liable as a defendant?*

"JUROR No. 6: *No.*

"JUROR No. 11: *No.*

"JUROR No. 5: I was under the impression, yes, I was, they were both defendants and when we read that two or three times I thought it was clear.

"THE COURT: Who did you think it was against, sir?

"JUROR No. 5: Both.

"THE COURT: Both Penn—

"JUROR No. 5: For negligence and the one for contributory negligence. That is the way we read it.

"THE COURT: Both Raymond Struna and Penn Central were guilty of negligence, is that it?

"JUROR No. 5: That is my impression, yes.

"THE COURT: You were all under that impression?

"JUROR No. 3: Yes."

At this juncture, counsel for plaintiff asked to have the jury polled. A poll was taken. The jurors were asked, "I(s) this your verdict as against both defend-

ants?" Jurors no. 10 and no. 11 answered, "No." The polling of jurors and the responses made by jurors no. 10 and no. 11 made it absolutely clear that there was not a unanimous verdict by the jury holding Raymond Struna liable as a defendant.

The court has examined all the applicable cases on the remolding of verdicts, both sealed and unsealed. These cases are largely concerned with determining the intention of the jury where the intention is not clear. The court is understandably reluctant to grant a new trial after a nine-day jury trial but where, as in the case at bar, it is eminently clear that the verdict of the jury was not unanimous, the court has no alternative.

The cases were consolidated for trial and are so inextricably bound together that the court does not feel it proper to grant a new trial in the case of Blanche Struna, administratrix of the estate of William Struna, against Penn Central Company without granting a new trial in the case of Raymond Struna against the Penn Central.

It is unnecessary to consider the other errors argued by the Penn Central in the light of the court's decision to grant a new trial. Nor does this court feel that the arguments advanced by defendant Penn Central for a judgment notwithstanding the verdict are meritorious.

The motions for a new trial filed by defendant, Penn Central Company, and additional defendant, Raymond J. Struna, will be granted. The motion for judgment n.o.v. filed by defendant, Penn Central Company, will be refused. Motion for a new trial ex parte Raymond Struna, plaintiff, will be granted.